IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ARKOMA BASIN PROJECT, LIMITED PARTNERSHIP, | § § § | |
| Plaintiff, | § § § | CASE NO. 4:07cv530 |
| v. | § § | |
| WEST FORK ENERGY COMPANY, LLC, el al., | § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER DENYING
MOTION FOR SUMMARY JUDGMENT**

Now before the Court is Defendants' Joint Motion for Summary Judgment as to Plaintiff's claims for Securities Act violations (Section 10(b) and Rule 10b-5) (Dkt. 63). Defendants contend that any securities action is barred by the two-year statute of limitations. Plaintiff agrees that the two-year statute of limitations applies but contends that there is a fact issue as to when Plaintiff was on notice or actually knew of the false misrepresentations. As set forth fully below, the motion is DENIED.

STANDARD

As a general rule, summary judgment is proper "if the pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "[T]he party moving for summary judgment must 'demonstrate the absence of a genuine issue of material fact,'

1

but need not *negate* the elements of the nonmovant's case." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986)). If the moving party meets the initial burden of showing that there is no genuine issue, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial. FED. R. CIV. P. 56(e). The nonmovant cannot satisfy his summary judgment burden with conclusional allegations, unsubstantiated assertions, or only a scintilla of evidence. *Little,* 37 F.3d at 1075. However, when a party desires summary judgment on an issue for which it has the burden such as an affirmative defense urging the statute of limitations, it must establish each of the essential elements beyond genuine dispute. *Bank of Louisiana v. Aetna U.S. Healthcare Inc.*, 468 F.3d 237, 241 (5th Cir. 2006).

## ANALYSIS

Claims under the 1934 Securities Act, like Plaintiff's here, "involv[ing] a claim of fraud, deceit, manipulation, or contrivance ... may be brought not later than the earlier of (1) 2 years after the discovery of the facts constituting the violation; or (2) 5 years after such violation." 28 U.S.C. § 1658(b). For both, "[t]he controlling date for purposes of the running of the respective statutes of limitations is when a purchaser of securities knew - or in the exercise of reasonable diligence, should have known - of the alleged wrongdoing." *Topalian v. Ehrman,* 954 F.2d 1125, 1133 (5th Cir. 1992). This standard is generally referred to as "inquiry notice," and it applies "when a reasonable investor of ordinary intelligence would have discovered the information and recognized it as a storm warning." *DeBenedictis v. Merrill Lynch & Co., Inc.,* 492 F.3d 209, 216 (3rd Cir. 2007); *see also Margolies v. Deason,* 464 F.3d 547, 553 (5th Cir. 2006). The "fact-intensive inquiry" of what

constitutes inquiry notice "is typically appropriate for consideration by a jury." *Margolies,* 464 F.3d at 553.

Defendants point to several factors which should have put Plaintiff on notice in this case. First, the business plan changed to actively pursue acreage in the Fayette shale. Second, capital was depleted to purchase the acreage. Third, Plaintiff balked at putting more capital into the program because of complaints about Defendants' practice in running the company. Fourth, in July 2005, Plaintiff was complaining of inaction on part of some of the Defendants in regard to the project. Plaintiff challenges this and claims it had no knowledge until well within the statute period.

The Court has reviewed the summary judgment evidence, including the affidavits submitted. The Court finds that there is a fact issue as to notice and holds that this is a matter appropriate for consideration by the jury in this case.

Defendants' Joint Motion for Summary Judgment (Dkt. 63) is therefore DENIED.

**SO ORDERED.**

   SIGNED this 7th day of November, 2008.

.

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE